JOSEPH H. HUNT
Assistant Attorney General
R. MICHAEL UNDERHILL
Attorney in Charge, West Coast Office
Torts Branch, Civil Division
ERIC KAUFMAN-COHEN
FRANK J. ANDERS
Trial Attorneys, West Coast Office
Aviation, Space & Admiralty Litigation
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 36028
450 Golden Gate Avenue, Room 7-5395
San Francisco, California 941023463
Telephone: (415) 436-6630/Facsimile: (415) 436-6632
E-mail: mike.underhill@usdoj.gov/eric.kaufman-cohen@usdoj.gov
franklin.j.anders@usdoj.gov

Attorneys for Defendant United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| D.D., a minor, and G.D., a minor, by and through their Guardian ad Litem, Paul Theut,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>United States of America,<br><br>　　　　　Defendant.<br>_____<br>United States of America,<br><br>　　　　　Third-Party Plaintiff,<br><br>vs.<br><br>Jeffrey Darland,<br><br>　　　　　Third Party Defendant. | Case No.: CIV-18-02452-PHX-JZB<br><br>In Admiralty<br><br>**UNITED STATES OF AMERICA'S THIRD PARTY COMPLAINT AGAINST JEFFREY DARLAND** |

///

///

///

## THIRD PARTY COMPLAINT

Plaintiff has filed a Complaint against the United States, alleging that this is an admiralty and maritime case. In accordance with Fed.R.Civ.P. 14, the Third-Party Complaint of the United States of America against Third-Party Defendant Jeffrey Darland alleges on information and belief as follows:

## GENERAL ALLEGATIONS

1. This is a case of admiralty and maritime jurisdiction against Third-Party Defendant Jeffrey Darland (hereafter "Darland") as hereinafter more fully appears, and within Rule 9(h) of the Federal Rules of Civil Procedure.

2. The United States of America is authorized to bring this Third Party Complaint pursuant to 28 U.S.C. § 1345, Fed.R.Civ.P. 14(a), and Fed.R.Civ.P. 14(c)(2).

3. At all material times, Darland operated, navigated, managed, and controlled a 21-ft. outboard powered speedboat (hereinafter, the "Vessel") in navigable waters on Lake Powell within the State of Utah.

4. The incident that underlies Plaintiffs' action and this Third-Party Complaint occurred within the State of Utah.

5. On information and belief, Darland is the natural father of minor children D.D. and G.D.

6. On information and belief, Tara Gagliardi is the natural mother of minor children D.D. and G.D.

7. On information and belief, Darland and Gagliardi divorced on September 26, 2011, pursuant to a Decree of Dissolution of Marriage (Decree).

8. Darland voluntarily filed a lawsuit in Utah state court against the State of Utah and a political subdivision of Utah: *Jeffrey Darland v. State of Utah and Kane County*, Third Judicial District Court in and for Salt Lake County, State of Utah, Case No. 180905265. Said action involves the same incident and the same set of facts underlying the boating incident that forms the basis of Plaintiffs' Complaint herein and this Third-Party Complaint.

9. Plaintiffs have voluntarily filed a lawsuit in Utah state court against the State of Utah and a political subdivision of Utah: *D.D., a minor, and G.D., a minor, by and through their Guardian ad Litem, Paul Theut v. State of Utah and Kane County*, Third Judicial District Court in and for Salt Lake County, State of Utah, Case No. 180905228. Said action involves the same incident and the same set of facts underlying the boating incident that forms the basis of Plaintiffs' Complaint herein and this Third-Party Complaint.

10. Tara Gagliardi, the mother of minors D.D. and G.D., has voluntarily filed a lawsuit in Utah state court against the State of Utah and a political subdivision of Utah: *Tara Gagliardi v. State of Utah and Kane County*, Third Judicial District Court in and for Salt Lake County, State of Utah, Case No. 180905201. Said action involves the same incident and the same set of facts underlying the boating incident that forms the basis of Plaintiffs' Complaint herein and this Third-Party Complaint.

11. Tara Gagliardi has also voluntarily filed a lawsuit in the United States District Court, District of Utah against the United States of America: *Tara Gagliardi v. United States of America*, Case No. 2:18-cv-00588-PMW. Said action involves the same incident and the same set of facts underlying the boating incident that forms the basis of Plaintiffs' Complaint herein and this Third-Party Complaint.

12. In Tara Gagliardi's foregoing Federal court lawsuit in the State and District of Utah, the United States filed a Third-Party Complaint against Darland pursuant to Fed.R.Civ.P. 14(c), said Third-Party Complaint substantially the same as this Third-Party Complaint herein.

13. On or about July 24, 2016, and at all material times, Darland was on the Vessel along with four passengers (hereinafter collectively "Vessel Passengers"): Darland's two minor children D.D. and G.D., Jennifer Decker, and Jennifer Decker's minor child.

14. As more fully described below, on or about July 24, 2016, while under the influence of alcohol, Darland was navigating, operating, managing and controlling the

Vessel on Lake Powell in the vicinity of Bullfrog Bay, within the State of Utah, at least 45 minutes after sunset, traveling in excess of 30 miles per hour. Darland maneuvered the Vessel outside the marked channel, which caused the Vessel to hit an underwater obstruction ("hereinafter, the "Grounding").

15. On information and belief, Darland permitted three minors, all under the age of 10, to ride untethered and unbelted on the open bow of the Vessel while the Vessel was travelling in excess of 30 miles per hour.

16. As a result of, *inter alia*, Darland's negligent navigation, operation, management, and control of the Vessel, minors D.D. and G.D. were ejected at high speed from the bow of the Vessel and into the water when it hit the underwater obstruction, after which the Vessel, its hull, and its propeller, all while operated by Darland, rode over the minors.

17. As a result of, *inter alia*, Darland's negligent navigation, operation, management, and control of the Vessel, the Vessel's propeller hit minor child D.D. after his ejection from the Vessel's bow, causing the alleged injuries to D.D. and G.D., including the amputations suffered by minor D.D.

18. As a result of the Grounding, Plaintiffs D.D., a minor, and G.D., a minor, by and through their Guardian ad Litem, Paul Theut, filed a Complaint against the United States (Docket No. 5, Civ. No. CIV-18-02452-PHX-JZB), alleging damages suffered as a result of the Grounding.

19. The United States has answered Plaintiffs' foregoing Complaint, denying liability therein, and further alleging that the Grounding and all subsequent alleged damages claimed by Plaintiffs (and any other persons or entities) were caused by Third-Party Defendant Darland.

///
///
///
///

## AND AS FOR A FIRST CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT JEFFREY DARLAND (FED.R.CIV.P. 14(a))

20. The United States of America repeats and re-alleges each of the foregoing paragraphs of this Third-Party Complaint with the same force and effect as if hereinafter set forth at length.

21. At all times material herein, Darland, as the operator of a vessel being operated on navigable waters of the United States, owed, *inter alia*, a duty to all persons aboard the Vessel, including minors D.D., G.D., and the other Vessel Passengers, and all persons or entities claiming damages on their behalf, that he would safely operate, navigate, manage, and control the Vessel.

22. At all times material herein, Darland, as the natural parent of minor children and Vessel passengers D.D. and G.D., owed additional duties to said minor children/passengers, including, *inter alia*, the duty to protect and care for them, including, but not limited to, through his duty to safely operate, navigate, manage, and control the Vessel.

23. The Grounding and all injuries and alleged damages resulting therefrom were the proximate result of Darland's fault, negligence, acts, omissions, and breaches of, *inter alia*, duty, statute and regulation with respect to the navigation, control, management, and operation of the Vessel, including, but not limited to, through his inattentiveness, excessive speed, reckless navigation of the Vessel, improper operation of the Vessel, improper command of those aboard the Vessel, improper turning of the Vessel, maneuvering the Vessel outside of the marked channel, operation of the Vessel while under the influence of alcohol, and the reckless endangerment of the Vessel and its Passengers. Among other acts, omissions, and breaches of duty by Darland to the Vessel Passengers, including minor children D.D. and G.D., Darland was, *inter alia*, negligent in the following respects:

///

///

///

a. At all relevant times, Darland inattentively and negligently operated his vessel with respect to the maneuvering of the Vessel, including but not limited to, maneuvering the Vessel into unsafe shallow water outside of the marked channel;

b. At all relevant times, Darland placed the Vessel and its passengers in a position of danger, outside the marked channel, while at night, and Darland thereafter negligently failed to take action to navigate, control, manage, and operate his vessel to avoid the danger of the Vessel hitting obstructions, as required;

c. At all relevant times, Darland navigated, operated, and controlled the Vessel at an unsafe speed in violation of applicable statutes and regulations, *inter alia*, 33 C.F.R. § 83.05 and Utah Code Ann. § 73-18-15.1(8);

d. At all relevant times, Darland failed to maintain a proper lookout in violation of applicable statutes and regulations, *inter alia*, 33 C.F.R. § 83.05 and Utah Code Ann. § 73.18-15.1(1);

e. At all relevant times, Darland recklessly operated the Vessel in violation of applicable statutes and regulations, including, *inter alia*, Utah Code Ann. § 41-6a-528;

a. Following the Grounding, Darland backed up the Vessel using its propellers, not knowing the exact location of the minor children, but knowing they were not in the Vessel and were in the water;

b. At all relevant times, Darland navigated, operated, and controlled the Vessel while under the influence of alcohol in violation of applicable law and statute including, *inter alia*, Utah Code Ann. § 73-18-15.5.

24. Darland failed to ensure the safety of the passengers under his care as the Vessel operator and person in charge of the Vessel.

///

25. As a result of the foregoing negligent actions of Darland, the Vessel ran aground near Bullfrog Bay on Lake Powell, on navigable waters within the State of Utah, and said negligent actions were the sole proximate cause and/or the intervening and superseding cause(s) of the injuries and damages alleged to have occurred as a result of the Grounding.

26. Darland took other negligent actions that caused and contributed to the Grounding, such other actions to be discovered as a result of depositions and other discovery.

27. The Grounding was not caused or contributed to in any manner by the United States of America, its vessels, officers, agencies, agents, servants, employees, or others for whom it was responsible.

28. If anyone, including minor children D.D., G.D., or any other of the Vessel Passengers, sustained damages and/or injuries as a result of the Grounding and the matters alleged in the Complaint, which is denied, said damages and/or injuries were solely caused by Darland's fault, negligence, acts, omissions, and breaches of, *inter alia*, duty, statute and regulation with respect to the navigation, control, management, and operation of his Vessel, as aforesaid.

### AND AS FOR A SECOND CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT JEFFREY DARLAND (FED.R.CIV.P. 14(c)(2))

29. The United States of America repeats and re-alleges each of the foregoing paragraphs of this Third-Party Complaint with the same force and effect as if hereinafter set forth at length.

30. Pursuant to Fed.R.Civ.P 14(c)(2), Third-Party Defendant Jeffrey Darland is liable and tendered directly as a defendant to Plaintiffs with respect to the matters alleged in the Complaint.

///

///

///

31. Pursuant to Fed.R.Civ.P 14(c)(2), Third-Party Defendant Jeffrey Darland must Answer the Complaint under Fed.R.Civ.P. 12, and the United States demands judgment pursuant to Fed.R.Civ.P. 14(c)(2) in favor of Plaintiffs and against Third-Party Defendant Jeffrey Darland directly.

WHEREFORE, the United States of America prays as follows:

1. That process in due form of law issue in accordance with the rules and practice of this Court, citing Third-Party Defendant Jeffrey Darland to appear and Answer the matters set forth in Plaintiffs' Complaint, as required by Fed.R.Civ.P. 14(c)(2), and Answer the matters set forth in this Third-Party Complaint, as required by Fed.R.Civ.P. 14(a);

2. That if any judgment is entered in favor of the Plaintiffs, that said judgment be entered directly against Third-Party Defendant Jeffrey Darland as Third-Party Defendant herein;

3. That Plaintiffs' Complaint against the United States be dismissed;

4. That if any judgment is entered in favor of Plaintiffs against the United States of America as defendant herein, then that a judgment over with interest and costs may be entered in favor of United States of America pursuant to its Third-Party Complaint against Jeffrey Darland, requiring Jeffrey Darland to pay to the United States of America the amount of any such judgment against the United States of America and to reimburse and exonerate the United States of America against all liability herein, as appropriate;

5. For such other relief as the Court deems just and proper.

Dated: September 24, 2018            Respectfully submitted,

                                     JOSEPH H. HUNT
                                     Assistant Attorney General
                                     R. MICHAEL UNDERHILL
                                     Attorney in Charge
                                     Aviation, Space & Admiralty Litigation
                                     Torts Branch, Civil Division, West Coast Office

ERIC KAUFMAN-COHEN
Trial Attorney
Torts Branch, Civil Division, West Coast Office


  /s/ Frank J. Anders
FRANK J. ANDERS
Trial Attorney
Aviation, Space & Admiralty Litigation
Torts Branch, Civil Division, West Coast Office
U.S. Department of Justice

Attorneys for Defendant and Third-Party
Plaintiff United States of America

I hereby certify that on September 24, 2018, I filed the foregoing THIRD-PARTY COMPLAINT electronically through the CM/ECF system, which caused counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

Electronically filed September 24, 2018
FRANKLIN J. ANDERS
Trial Attorney
Torts Branch, Civil Division, U.S. Department of Justice